**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

TEJAS VISHNUBHAI PAREKH,

               Petitioner,

    v.

WARDEN, PIKE COUNTY
CORRECTIONAL FACILITY,

               Respondent.

CIVIL ACTION NO. 3:26-CV-01835

(MEHALCHICK, J.)

**MEMORANDUM**

Before the Court is Tejas Vishnubhai Parekh's ("Parekh") petition for writ of habeas corpus. (Doc. 1). Parekh requests that Respondent Warden of the Pike County Correctional Facility ("Respondent") release him from custody. For the following reasons Parekh's petition will be **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The following background is derived from Parekh's petition and Parekh's previous two habeas actions before the Court. (Doc. 1); *Parekh v. Warden*, 3:26-CV-1375, Dkt No. 1; *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 1. Parekh is a citizen of India, who was admitted to the United States on or about November 22, 2017, after marrying a United States citizen. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12, at 2. On March 30, 2020, United States Citizenship and Immigration Services adjudicated a claim of marriage fraud against Parekh and his wife, determining that Parekh and his wife never resided together at their claimed marital address and that Parekh's wife was in a relationship with another man, who she had a child with while married to Parekh. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12, at 2. On January 12, 2026, Parekh pled guilty to criminal attempt theft by deception in the Luzerne County Court

of Common Pleas. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12, at 2. On February 25, 2026, Immigration and Customs Enforcement ("ICE") took Parekh into custody and served him with a notice to appear, which charged Parekh as removable for his failure to report a change of address to the Department of Homeland Security, marriage fraud, and aggravated felony conviction. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12, at 2. On April 20, 2026, an immigration judge ordered Parekh removed to India. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12, at 2.

On May 19, 2026, Parekh filed his first petition for writ of habeas corpus with the Court. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 1. On June 5, 2026, the government indicated that it scheduled a removal flight for Parekh on June 25, 2025. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 11-2, at 2. On June 6, 2026, Parekh filed an appeal of his order of removal with the Board of Immigration Appeals ("BIA"). *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 4, at 2. However, Parekh's appeal to the BIA was not timely, so he remains subject to a final order of removal. *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 4, at 2. On June 11, 2026, the Court denied Parekh's first petition for writ of habeas corpus because the government arranged for Parekh's removal within the ninety-day statutory removal period. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12. On June 23, 2026, Parekh filed another petition for writ of habeas corpus with the court that was duplicative of his first petition. *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 1. The Court denied Parekh's second petition for writ of habeas corpus on June 25, 2026 because Parekh's statutory ninety-day removal period had not yet run. *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 4. Parekh filed the instant petition for writ of habeas corpus on July 7, 2026. (Doc. 1). The instant petition is Parekh's third petition for writ of habeas corpus filed before the Court. (Doc. 1); *Parekh v. Warden*, 3:26-CV-1375,

Dkt No. 1; *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 1. Parekh has been detained at the Pike County Correctional Facility pursuant to 8 U.S.C. § 1231 for about three months. (Doc. 1, at 1); *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12.; *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 4.

## II.    LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (finding petitioner's continued detention without reasonably

imminent removal is unreasonable and ordering release). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which is applicable to § 2241 petitions under Rule 1(b), the Court also has a duty to screen out frivolous applications and eliminate the burden that would be placed on respondents by ordering an unnecessary response. Rules Governing Section 2254 Cases in United States District Courts, Rule 1(b), Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *Salau v. Kunes*, No. 3:26-CV-00161, 2026 WL 1398841, at * 2 (M.D. Pa. May 19, 2026); *Adeboye v. Warden of FCI Allenwood Low*, No. 1:26-CV-00753, 2026 WL 1091998, at * 1 (M.D. Pa. Apr. 22, 2026).

## III.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil,* 164 F.4th at 278-79 (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal question of whether Parekh's detention after his order of removal became final has become unconstitutionally prolonged and unrelated to the purpose of removal.[1] *Jennings*, 583 U.S. at 294; *Kahlil,* 164 F.4th at 274-79; *Zadvydas*, 533 U.S. at 688.

---

[1] Parekh's petition is focused on his immigration detention without a clear basis. (Doc. 1, at 6). However, to the extent Parekh requests to remain in the United States, the Court does not have jurisdiction to review Parekh's order of removal. (Doc. 1, at 5). 8 U.S.C. § 1252(b)(9) and § 1252(g) strip district courts of jurisdiction to review claims arising from removal actions or proceedings. *Kahlil*, 164 F.4th at 273-74. Parekh's request to remain in the United States is directly related to his removal proceedings, which can be properly reviewed on appeal to the Board of Immigration Appeals or with a PFR to the Third Circuit. *Kahlil*, 164 F.4th at 273-74.

**IV.    DISCUSSION**

This matter is before the Court for screening pursuant to 28 U.S.C. § 2243. In his instant petition, Parekh requests that Respondent release him from custody at the Pike County Correctional Facility. (Doc. 1, at 8). Parekh avers that Respondent has improperly detained him without a clear justification or explanation showing why his continued detention serves any legitimate purpose. (Doc. 1, at 8). Parekh's instant petition is duplicative of the petition for writ of habeas corpus he filed with the Court on June 23, 2026. (Doc. 1); *Parekh v. Warden*, 3:26-CV-1719, Dkt. No. 1.

The prohibition against successive petitions filed under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 does not apply to petitions for habeas corpus filed in the immigration context under 28 U.S.C. § 2241; however, the abuse of writ doctrine may apply to bar successive immigration habeas petitions. *Zayas v. I.N.S.*, 311 F.3d 247, 255-56 (3d Cir. 2002); *Abdel-Whab v. Secretary of Dept. of Homeland Sec.*, 132 F. App'x 988, 989-90 (3d Cir. 2005). A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab*, 132 F. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

Section 1231 of the INA provides for the detention of noncitizens with final orders of removal. 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Noncitizens convicted of certain criminal offenses and noncitizens whom the Attorney

General finds to be a risk to the community or unlikely to comply with an order of removal may be detained beyond the ninety-day removal period. 8 U.S.C. § 1231(a)(6). The statutory ninety-day removal period begins on the latest of the following,

(i)    The date the order of removal becomes administratively final.
(ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

An order of removal becomes administratively final when a petitioner waives their appeal or when the thirty-day period to appeal the order of removal expires. *See Chiao Fang Ku v. Att'y Gen. United States*, 912 F.3d 133, 138 n.3 (3d Cir. 2019) (quoting *Yusupov v. Att'y Gen.*, 518 F.3d 185, 195 (3d Cir. 2008)) ("[A]n order is final for jurisdictional purposes when a removability determination has been made that is no longer appealable to the BIA . . .").

In *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001), the Supreme Court found that indefinite detention of a noncitizen with a final order of removal violates the Due Process Clause of the Fifth Amendment, and that detention of a noncitizen with a final order of removal must be limited with a definite endpoint. The Supreme Court determined that to discern whether post-order of removal detention comports with the Due Process Clause of the Fifth Amendment, habeas courts must ask whether the detention "exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. The Supreme Court found that detention post-order of removal is presumptively reasonable for a period under six months. *Zadvydas*, 533 U.S. at 701. After the presumptively reasonable six month period runs and the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As the period of

confinement grows, what counts as reasonably foreseeable future conversely shrinks. *Zadvydas*, 533 U.S. at 701. If removal is ultimately not reasonably foreseeable, habeas courts should hold continued detention unreasonable. *Zadvydas,* 533 U.S. at 699-700. Courts in the Third Circuit have found that the presumption that six months is a reasonable detention period is a rebuttable presumption if a petitioner can prove that his removal is not reasonably foreseeable. *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 397-98 (D.N.J. 2025); *Cahuex v. Noem*, No 26-CV-02339, 2026 WL 745297, at \*2 (D.N.J. March 17, 2026) (collecting cases); *Lam*, 2026 WL 492383 at \* 5; *Roe v. Oddo*, No. 3:25-CV-128, 2025 WL 3030692, at \*6 (W.D. Pa. Oct. 30, 2025).

Parekh's instant petition is duplicative of the petition for writ of habeas corpus he previously filed, which the Court denied on June 25, 2025. (Doc. 1); *Parekh v. Warden*, 3:26-cv-1917, Dkt. Nos. 1, 4. The only difference between the two petitions is Parekh's period of confinement in immigration detention. (Doc. 1); *Parekh v. Warden*, 3:26-cv-1917, Dkt. No. 1. As an immigration judge ordered Parekh's removal on April 20, 2026, Parekh's removal order became administratively final thirty days later, when the period to appeal exhausted on May 20, 2026. *Parekh v. Warden*, 3:26-CV-1375, Dkt. No. 12, at 2; *See Chiao Fang Ku*, 912 F.3d at 138 n.3 (quoting *Yusupov,* 518 F.3d at 195). Accordingly, Parekh has been subject to immigration detention under § 1231 for seventy days, and Parekh's statutory ninety-day removal period ends on August 18, 2026. *See Chiao Fang Ku*, 912 F.3d at 138 n.3 (quoting *Yusupov,* 518 F.3d at 195). Pursuant to § 1231, the government has an additional twenty days to detain Parekh for the purpose of executing his removal order. 8 U.S.C. § 1231.

Even if Parekh's statutory removal period had expired, Parekh would still not be entitled to release. Parekh's detention period remains under six months, which is

- 9 -

presumptively reasonable under *Zadvydas*. 533 U.S. at 701. While the presumption that detention periods under sixth months are reasonable is rebuttable, Parekh provides no evidence that there is not a significant likelihood of his removal in the reasonably foreseeable future. (*See* Doc. 1); *see Munoz-Saucedo*, 789 F. Supp. 3d at 397-98. Accordingly, Parekh's immigration detention under § 1231 remains presumptively reasonable. *See Zadvydas*, 533 U.S. at 701; *see Munoz-Saucedo*, 789 F. Supp. 3d at 397-98.

## V.    CONCLUSION

For the foregoing reasons **IT IS HEREBY ORDERED** that Parekh's petition for writ of habeas corpus is **DENIED**. (Doc. 1).

An appropriate Order follows.

BY THE COURT:

Dated: July 30, 2026                    */s/ Karoline Mehalchick*
                                        **KAROLINE MEHALCHICK**
                                        **United States District Judge**